1
2
3
4
5
6       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                 AT TACOMA

8    MARIYAM AKMAL,                          CASE NO. 11-5378 RJB

9                    Plaintiff,              ORDER REGARDING
                                             DEFENDANTS' MOTIONS TO
10          v.                               DISMISS

11   CENTERSTANCE, INC., TRUEBLUE,
     INC., an agent of Labor Ready, JOHN
12   AND JANE DOES 1-10,

13                   Defendants.

14          This matter comes before the Court on the Defendant NTT Centerstance, Inc.'s (f/k/a

15   Centerstance Inc.) ("NTT Centerstance") Motion to Dismiss Complaint Pursuant to Fed. R. Civ.

16   P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), and 12(b)(5) or, in the Alternative, for a More

17   Definite Statement (Dkt. 42) and Defendant TrueBlue, Inc.'s Joinder of Motion filed by NTT

18   Centerstance, Inc. to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §

19   1915(e)(2)(B), and 12(b)(5) or, in the Alternative, for a More Definite Statement (Dkt. 43).  The

20   Court has reviewed the relevant pleadings, the record, and is fully advised.

21                  I.      **FACTS AND PROCEDURAL HISTORY**

22   **A.  FACTS IN PLAINTIFF'S COMPLAINT**

23          On May 17, 2011, Plaintiff, an African American woman, filed this discrimination action.

24   Dkt. 1.  Plaintiff states that she entered into an employment agreement with "the IT placement

1   firm Centerstance" in February of 2007.  Dkt. 4, at 2.  (Although Plaintiff references this

2   agreement, it is not attached to the Complaint.)  The agreement with NTT Centerstance

3   purportedly "involved an internal software development project with [NTT Centerstance's] client

4   TrueBlue . . . who was operating under the trade name of Labor Ready."  *Id.*  She alleges that the

5   agreement had an ending date of August 14, 2007, with a possible extension.  *Id.,* at 3.  Plaintiff

6   asserts that the agreement stated that it could be terminated "without cause" with 15 days notice

7   and NTT Centerstance terminated the agreement with only 14 days notice.  *Id.,* at 6.  Plaintiff

8   contends that while on the job, she performed her duties in accord with "industry standards," and

9   received no complaints from the Defendants about her performance.  *Id.,* at 3.

10        Plaintiff asserts that she was, at some point, referred to as "sand nigger," "dot-head from

11   the middle-east," and "smelly mid-eastern terrorist breeders."  *Id.,* at 4.  (Plaintiff does attach

12   emails utilizing that language, but those emails are dated in February and March of 2003 (Dkt. 4-

13   4), four years before she alleges she had any contact with Defendants and or/their employees.)

14        In any event, Plaintiff alleges that she has a history of "activism" related to women and

15   cyber stalking.  *Id.* at 3.  Plaintiff asserts that her activism became "a major point of contention at

16   work" and that the environment at TrueBlue became "hostile."  *Id.* at 3-4.   She requested NTT

17   Centerstance move her away from her "antagonist," whom she asserts was an employee of

18   Defendant True Blue.  *Id.*  Although her request to be moved was granted, a week later her

19   contract was terminated two months early.  *Id.*  Plaintiff asserts that she was told that there was

20   "insufficient work to keep her on the project."  *Id.,* at 4-5.  Plaintiff states that Defendants

21   continued to advertise for contractors to perform the same work she was performing until at least

22   August of 2007. *Id.,* at 5.  Plaintiff states that she tried to return to work for Labor Ready twice,

23   but was not rehired.  *Id*  She further alleges that "attempts by Plaintiff's previous employer(s) to

24   verify her employment on the project resulted in Plaintiff being told that they could no longer

work with her due to what Defendants were saying about her." *Id.*  Plaintiff cites 42 U.S.C. §

1981, and asserts claims for breach of contract, "racial discrimination - interference with

business contracts," "racial discrimination – harassment," and "racial discrimination –

retaliation." *Id.*  Plaintiff alleges that she filed a complaint with the Equal Employment and

Opportunity Commission.  Dkt. 5.

**B.  PROCEDURAL HISTORY**

Plaintiff filed her Complaint in this Court on May 19, 2011.  Dkt. 4.  Plaintiff was

granted in forma pauperis status and on May 26, 2011, and Plaintiff's Application for Court

Appointed Counsel was referred to the Screening Committee of this Court's pro bono panel.

Dkt. 8.  The Committee reviewed the case, and on August 22, 2011, declined to accept the case.

Dkt. 19.  Plaintiff's Application for Court Appointed Counsel was denied on August 30, 2011,

and her Motion for Reconsideration of the Order Denying the Application for Court Appointed

Counsel was denied on September 13, 2011.  Dkts. 19 and 21.  On September 15, 2011, Plaintiff

filed a Notice of Appeal regarding these two orders and the case was stayed.  Dkts. 26 and 27.

On January 3, 2013, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal, finding that

it did not have jurisdiction to consider her appeal.  Dkt. 32.  That same day, January 3, 2013,

Plaintiff renewed her motion to have the Complaint served by the U.S. Marshals Service.  Dkt.

33.  The Mandate issued on January 28, 2013, and the stay of the case was lifted as of that that

day by minute order.  Dkts. 34 and 44.  On January 28, 2013, Plaintiff's motion to have the U.S.

Marshal Service serve her case on the named Defendants was granted and a new scheduling

order was issued.  Dkts. 35 and 36.

**C.  PENDING MOTIONS**

Both Defendants have now filed motions to dismiss or in the alternative for a more

definite statement.  Dkts. 42 and 43.  In its' motion, NTT Centerstance, Inc. ("NTT

1  Centerstance") moves for dismissal of Plaintiff's Complaint, arguing that Plaintiff failed to

2  comply with the service requirements of Rule 4(m), so pursuant to Rule 12(b)(5) the case should

3  be dismissed.  Dkts. 42 and 48.  NTT Centerstance argues that Plaintiff's Complaint should be

4  dismissed for failure to state a claim because she has failed to allege sufficient facts to support a

5  cognizable claim pursuant to 42 U.S.C. § 1981 (The Civil Rights Act of 1886), RCW

6  4.16.040(1)(Washington's statute of limitations on contract actions), RCW 49.6.020 [sic]

7  (perhaps 49.60.020 Washington Law Against Discrimination), RCW 19.86.070 (Washington

8  Consumer Protection Act).  *Id.*  NTT Centerstance further argues that Plaintiff's claims for

9  "Breach of Contract – Failure to Give Requisite Notice," "Racial Discrimination – Interference

10  with Business Contract," "Racial Discrimination –  Harassment," "Racial Discrimination –

11  Retaliation," should be dismissed for failure to state a claim.  *Id.*  NTT Centerstance also argues

12  that Plaintiff's Washington Law Against Discrimination claims should be dismissed due to the

13  statute of limitations.  *Id.*  NTT Centerstance moves, in the alternative, for a more definite

14  statement under Rule 12(e).  *Id.*

15      Defendant TrueBlue, (erroneously named as "TrueBlue, Inc. d/b/a Labor Ready") joins in

16  NTT Centerstance's motion.  Dkts. 43 and 49.

17      Plaintiff responds, and argues that her case should not be dismissed based on her failure

18  to serve the Complaint within 120 days because she made motions to have the Complaint served

19  or for an extension of time (e.g. Dkts. 15 and 25), but the motions were stricken when the case

20  was stayed pending the appeal.  Dkt. 47.  Plaintiff further argues that her case should not be

21  dismissed for failure to state a claim without giving her an opportunity to amend her Complaint.

22  *Id.*

23              **II.     DISCUSSION**

24      **A.  MOTION TO DISMISS – SERVICE OF PROCESS**

ORDER REGARDING DEFENDANTS' MOTIONS
TO DISMISS- 4

1     Fed. R. Civ. P. 4(m) provides:

2     If a defendant is not served within 120 days after the complaint is filed, the court--
on motion or on its own after notice to the plaintiff--must dismiss the action
3     without prejudice against that defendant or order that service be made within a
specified time. But if the plaintiff shows good cause for the failure, the court must
4     extend the time for service for an appropriate period.

5     The Complaint was filed on May 19, 2011.  Dkt. 4.  The case was stayed 119 days later

6  on September 15, 2011 while an appeal was pending.  Dkt. 27.  On January 3, 2013, the Ninth

7  Circuit issued its opinion, dismissing Plaintiff's appeal and Plaintiff filed her renewed motion to

8  have the Complaint served by the U.S. Marshals Service.  Dkts. 32 and 33.  The mandate from

9  the Ninth Circuit issued on January 28, 2013.  Dkt. 34.  Plaintiff's motion to have the case served

10  was granted and the Order directing service was entered that same day, on January 28, 2013.

11  Dkt. 35.  Defendants were served on January 31, 2013.  Dkts. 37 and 38.

12     Defendants' motion to dismiss based on Plaintiff's failure to serve the Complaint within

13  120 days should be denied.  Plaintiff has shown good cause for the two day delay.  The case was

14  stayed while the matter was on appeal.  The Defendants were served by the U.S. Marshal Service

15  three days after the mandate issued and the stay was lifted.  Dkts. 37 and 38.  The case should

16  not be dismissed because the Complaint was served two days late.

17     **B.  MOTION TO DISMISS – FED. R. CIV. P. 12(b) STANDARD**

18     Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

19  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

20  *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

21  as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

22  1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

23  need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

24  to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

1  a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

2  (2007)(internal citations omitted).  "Factual allegations must be enough to raise a right to relief

3  above the speculative level, on the assumption that all the allegations in the complaint are true

4  (even if doubtful in fact)." *Id.* at 1965.  Plaintiffs must allege "enough facts to state a claim to

5  relief that is plausible on its face." *Id.* at 1974.

6       If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

7  should be afforded the opportunity to amend the complaint before dismissal. *Keniston v.*

8  *Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory,

9  the claim should be dismissed.  *Id.*  "Dismissal without leave to amend is improper unless it is

10  clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v.*

11  *United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)(*internal citations omitted*).

12  **C.  MOTION TO DISMISS - FAILURE TO STATE A CLAIM**

13       1.  Federal Claim under 42 U.S.C. § 1981 of the Civil Rights Act of 1886

14  Section 1981 provides:

15  (a) Statement of equal rights

16  All persons within the jurisdiction of the United States shall have the same right
in every State and Territory to make and enforce contracts, to sue, be parties, give

17  evidence, and to the full and equal benefit of all laws and proceedings for the
security of persons and property as is enjoyed by white citizens, and shall be

18  subject to like punishment, pains, penalties, taxes, licenses, and exactions of every
kind, and to no other.

19
(b) "Make and enforce contracts" defined

20
For purposes of this section, the term "make and enforce contracts" includes the

21  making, performance, modification, and termination of contracts, and the
enjoyment of all benefits, privileges, terms, and conditions of the contractual

22  relationship.

23  (c) Protection against impairment

24  The rights protected by this section are protected against impairment by
nongovernmental discrimination and impairment under color of State law.

Section 1981 "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Whether a plaintiff faced intentional racial discrimination in violation of Section 1981 is governed by the *McDonnell Douglas* burden shifting test. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989)(*superseded by statue on other grounds*)(*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

The first step of the *McDonnell Douglas* test requires that Plaintiff establish a prima facie case of discrimination. *Coghlan v. American Seafoods Co. LLC,* 413 F.3d 1090, 1094 (9th Cir. 2005). To do so, Plaintiff must establish that (1) she belongs to a protected class, (2) she was qualified for the position (she was performing her job in a satisfactory manner), (3) she was subjected to an adverse employment action, and (4) that "similarly situated individuals outside [the] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004); *Coghlan*, at 1094.

If the Plaintiff meets the first portion of the *McDonnell Douglas* test, "[t]he burden of production, but not persuasion, ... shifts to the [Defendants] to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis Bd. of Trustees*, 225 F.3d 1115, 1123-24 (9th Cir. 2000). In the last step of the *McDonnell Douglas* test, should the defendant carry this burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *McDonnell Douglas* at 802.

Defendants' motion to dismiss Plaintiff's § 1981 claim, to the extent she makes one, is well taken. Although Plaintiff alleges in her Complaint that she is African American, and was qualified for the job she was performing satisfactorily, she does not allege facts regarding Defendant TrueBlue on the third element of the *McDonnell Douglas* prima facie test. She does

1   not allege that Defendant TrueBlue subjected her to an adverse employment action.  (She does

2   allege that NTT Centerstance subjected her to an adverse employment action -the early

3   termination of her contractor's agreement with NTT Centerstance.)  She failed to make a

4   showing on the fourth prima facie requirement under *McDonnell Douglas* as to either Defendant

5   TrueBlue or NTT Centerstance.  Plaintiff did not allege sufficient facts from which to conclude

6   that that "similarly situated individuals outside [the] protected class were treated more

7   favorably," or "other circumstances surrounding the adverse employment action give rise to an

8   inference of discrimination."  *Peterson,* at 603.

9          Plaintiff should, however, be afforded an opportunity to file an amended complaint

10   before her § 1981 claim is dismissed.  *Moss* at 972.  In their replies, Defendants argue that

11   Plaintiff should not be given leave to file an amended complaint because amendment would be

12   futile.  Dkts. 48 and 49.  In the interest of fully considering Plaintiff's case, leave to file an

13   amended complaint should be granted.  Defendants' motion to dismiss Plaintiff's § 1981 claim

14   should be renoted to April 5, 2013, and will be considered in light of the sufficiency of Plaintiff's

15   amended pleading, if any.

16          2.   <u>State claims</u>

17               *a.  RCW 4.16.040(1) Statute of Limitations on Contract Actions*

18          RCW 4.16.040(1), provides that the statute of limitations for contract actions in

19   Washington is six years.

20          To the extent that Plaintiff makes a claim under this statute, her claim should be

21   dismissed.  She fails to identify an independent cause of action arising under this statute.

22               *b.  RCW 49.6.020*

23          To the extent that Plaintiff makes a claim pursuant to RCW 49.6.020, her claim should be

24   dismissed.  There is no such statute.

c.   *RCW 49.60.020 - Washington Law Against Discrimination*

Defendants assert two grounds for dismissal of Plaintiff's Washington Law Against Discrimination claims – failure to state a claim and the statute of limitations.  Dkts. 42 and 43.

Washington courts have largely adopted the burden shifting scheme announced in *McDonnell Douglas* to claims of employment discrimination cases brought under the Washington Law Against Discrimination.  *See Grimwood v. University of Puget Sound*, 110 Wash.2d 355, 362 (1988)(applying the *McDonnell Douglas* test to claim of employment discrimination brought under WLAD); *Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005)(noting Washington's employment discrimination law largely parallels federal law under Title VII, and so treatment of a plaintiff's Title VII claim thus applies also to his similar claim under the WLAD); *Hernandez v. Space Labs Medical Inc.*, 343 F.3d 1107 (9th Cir. 2003)(applying *McDonnell Douglas* burden shifting test to sex discrimination claim brought under Title VII and the WLAD).

As stated above in the discussion of the § 1981 claim, Plaintiff has failed to allege sufficient facts to state a prima facie case under *McDonnell Douglas*, and so her WLAD claim should be dismissed.

Further, Plaintiff should not be afforded leave to amend, because such leave would be futile.  The statute of limitations for actions involving claims under RCW 49.60 is three years.  *Antonius v. King County*, 153 Wn.2d 256 262 (2004).

Here, all of the events of which Plaintiff complains occurred well before May of 2008, that is more than three years prior to her filing her Complaint in May of 2011.  To the extent that Plaintiff asserts claims under WLAD for events occurring before May of 2008, her claims should be dismissed with prejudice as barred by the statute of limitations.  Plaintiff's motion for leave to amend her complaint, to attempt to state claims under WLAD should be denied to the extent she

1   bases her claims on events occurring before May of 2008, because such claims would be barred

2   by the statute of limitations and amendment would be futile.

3               *d.   RCW 19.86.070 – Washington Consumer Protection Act*

4          "Any person who is injured in his or her business or property by a violation of RCW

5   19.86.020 ("unfair methods of competition and unfair or deceptive acts or practices in the

6   conduct of any trade or commerce"). . . may bring a civil action."  RCW 19.86.090.  The

7   elements of a private CPA violation are (1) an unfair or deceptive act or practice; (2) occurring in

8   trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in

9   his or her business or property; and (5) such injury is causally linked to the unfair or deceptive

10  act.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

11  Ordinarily a breach of a private contract affecting no one but the parties to the contract is not an

12  act or practice affecting the public interest.  *Id*. at 790.

13         Defendants' motion to dismiss Plaintiff's CPA claim is also well taken.  Plaintiff has

14  failed to allege sufficient facts to state a claim under any of the basic elements required for a

15  CPA claim.  Plaintiff should, however, be given leave to file an amended complaint.  *See Moss*,

16  at 972.  The Defendants' motion to dismiss this claim should be renoted to April 5, 2013, and the

17  sufficiency of Plaintiff's amended complaint, if any, will be evaluated.

18                      *e.   Breach of Contract*

19         To assert a claim for breach of contract, a plaintiff must allege the existence of a valid

20  contract, a breach of the contract, and damages.  *See Meyers v. State*, 152 Wash. App. 823, 827,

21  828 (2009).

22         Defendant TrueBlue's Motion to Dismiss Plaintiff's contract claim, to the extent that she

23  makes one, is also well taken.  Plaintiff fails to allege that she had any contractual relationship

24

1   with TrueBlue.  Plaintiff should be given leave to file an amended complaint, if she wishes,

2   before dismissal of this claim, however.

3        Defendant NTT Centerstance's Motion to Dismiss Plaintiff's contract claim should be

4   denied.  Plaintiff alleges that she had an agreement with Centerstance, that it was breached

5   because she received on 14 days notice of termination of the agreement instead of 15 days, and

6   that she was damaged.

7        **D.  MOTION FOR A MORE DEFINITE STATEMENT**

8        Pursuant to Fed. R. Civ. P. 12(e), "a party may move for a more definite statement of a

9   pleading to which a responsive pleading is allowed but which is no vague or ambiguous that the

10  party cannot reasonably prepare a response."

11       Defendants' motions for a more definite statement (Dkts. 42 and 43) should be granted.

12  Plaintiff makes vague allegations in her Complaint and does not connect a large majority of

13  those allegations with any action/in action by Defendants.  Further, some of Plaintiff's claims,

14  including, "racial discrimination - interference with business contracts," "racial discrimination –

15  harassment," and "racial discrimination – retaliation," are unclear as to whom they are being

16  asserted against, and under which legal theory.  (To the extent they are being asserted under the

17  Washington Law Against Discrimination for events before May of 2008, they are barred by the

18  statute of limitations.)  Defendants are entitled to a more definite statement.

19       In the interest of giving Plaintiff every opportunity to make her case, she should be given

20  leave, if she so wishes, to file an Amended Complaint, on or before March 30, 2013.  Plaintiff

21  should be mindful of the findings in this order and should not reassert claims that have been

22  dismissed with prejudice.

23                         III.   **<u>ORDER</u>**

24       It is **ORDERED** that:

ORDER REGARDING DEFENDANTS' MOTIONS
TO DISMISS- 11

1) Defendant NTT Centerstance, Inc.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), and 12(b)(5) or, in the Alternative, for a More Definite Statement (Dkt. 42) **IS**

   **a) DENIED** as to:

- Plaintiff's contract claim,

   **b) GRANTED** as to:

- Plaintiff's claims under RCW 4.16.040(1) or RCW 49.6.020, to the extent that she makes them, her claims **ARE DISMISSED WITH PREJUDICE**; and

- To the extent that Plaintiff asserts claims under the Washington Law Against Discrimination, 49.60,010 *et seq*., for events occurring before May of 2008, her claims **ARE DISMISSED WITH PREJUDICE;**

   **c) RENOTED** to April 5, 2013 as to:

- Plaintiff's 42 U.S.C. § 1981 claim; and

- Plaintiff's claim under RCW 19.86.070, the Washington Consumer Protection Act;

2) Defendant NTT Centerstance's Motion for a More Definite Statement (Dkt. 42) is **GRANTED**.

3) Defendant TrueBlue, Inc.'s Joinder of Motion Filed by Centerstance, Inc. to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), and 12(b)(5) or, in the Alternative, for a More Definite Statement (Dkt. 43) **IS**

   **a) GRANTED** as to:

- Plaintiff's claims under RCW 4.16.040(1) or RCW 49.6.020, to the extent that she makes them, and those claims **ARE DISMISSED WITH PREJUDICE;**

- To the extent that Plaintiff asserts claims under the Washington Law Against Discrimination, 49.60.010 *et seq.*, for events occurring before May of 2008, her claims **ARE DISMISSED WITH PREJUDICE;**

b) **RENOTED** to April 5, 2013 as to:

- Plaintiff's 42 U.S.C. § 1981 claim;

- Plaintiff's claim under RCW 19.86.070, the Washington Consumer Protection Act; and

- Plaintiff's breach of contract claim.

4) Defendant TrueBlue's Motion for a More Definite Statement (Dkt. 43) is **GRANTED;**

5) Plaintiff's Amended Complaint, if any, should address the issues stated herein and should provide the more definite statement requested, and should be filed on or before **March 30, 2013**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of March, 2013.

ROBERT J. BRYAN
United States District Judge

ORDER REGARDING DEFENDANTS' MOTIONS
TO DISMISS- 13